IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**FILED**
APR 1 2 2000
SAMUEL L. KAY, CLERK
U.S. DISTRICT & BANKRUPTCY COURTS
SOUTHERN DISTRICT OF WEST VIRGINIA

**ROGER BRYANT, and**
**PEGGY BRYANT, his wife,**

        **Plaintiffs,**

v.                                                      CIVIL ACTION NO. _____

**FAYETTE COUNTY SHERIFF'S DEPARTMENT,**
**LARRY DOTSON, SHERIFF,**
**DEPUTY GARLAND BURKE, and**
**DEPUTY JOHN E. WRISTON,**

        **Defendants.**

## COMPLAINT

Come now the Plaintiffs, Roger Bryant and Peggy Bryant, his wife, and for their complaint allege as follows:

1. The Plaintiffs, Roger Bryant and Peggy Bryant, his wife, are residents of Fayetteville, Fayette County, West Virginia.

2. The jurisdiction of this Court is herein invoked under the Title 42, United States Code, Section 1983, Title 28, United States Code, Section 1343 and other pendant jurisdiction.

3. This is an action at law to redress the deprivation under the color of statute, ordinance, regulation, custom or usage of right, privilege and immunity secured to

the plaintiff by the Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States and arising under the laws and statutes of the State of West Virginia.

4. The defendants, Deputy Garland Burke and Deputy John E. Wriston were employed at all times mentioned herein as Deputy Sheriffs by the County of Fayette and acting as agents thereof under the instruction of the defendant, Sheriff Larry Dotson.

5. On or about the 16th day of April 1999, at about 9:45 a.m.. the plaintiff, Roger Bryant, who was with his grandson, Ian Chance Bryant in Fayetteville, Fayette County, West Virginia.

6. The defendants, Deputy Garland Burke and Deputy John E. Wriston were attempting to question the plaintiffs' grandson about an investigation they were conducting.

7. The plaintiff, Roger Bryant informed the defendants that his grandson was waiting on his attorney to arrive before answering any questions.

8. The defendant, Deputy Garland Burke grabbed the plaintiff, Roger Bryant and threw his against a block wall injuring his left shoulder.

9. The defendant, Deputy John Wriston then held the plaintiff's arms behind him while the defendant, Deputy Garland Burke beat the plaintiff about the face.

10. The defendants, Deputy Garland Burke and Deputy John E. Wriston unnecessarily, willfully and maliciously struck and beat the plaintiff several times, severely, painfully and permanently injuring him as follows:

    a. Injury to head;

    b. Injury to his face;

      c.     Injury to his left shoulder; and

      d.     Was otherwise injured.

11.    As a result of the said injuries, the plaintiff sought medical treatment and was under the care of physicians, and suffered excruciating pain and mental anguish.

12.    The Plaintiff as a result of said assault was in such a state and in a helpless condition to such an extent that he could not take care of himself and, therefore, he was in a position of peril. His condition and position of peril was known to defendants at all times from the time they assaulted him until the paramedics arrived to attend to him.

13.    That as a result of the defendants' conduct, the plaintiff's rights were violated and the defendants should be required to respond in damages as a result of the conduct of the defendants', and that the conduct of the defendants were amenable under title 42 USC 1983 and title 28 USC 1343.

14.    All the defendants knew of, participated and acquiesced in the actions described herein.

15.    Because of the attack made on the plaintiff by defendants as herein alleged, and because of his resulting injuries and damages, plaintiff seeks Five Hundred Thousand Dollars ($500,000.00) in punitive damages, and compensatory damages in the sum of Two Hundred Thousand Dollars ($200,000.00).

16.    That as a direct and proximate result of the defendants as herein alleged, the plaintiff, Peggy Bryant, the wife of plaintiff, Roger Bryant in said capacity:

      a.     has sustained great and irreparable loss in that she will be deprived for

    the remainder of her life of the society, companionship, consortium and services of her husband; and

 b. has in the past and will in the future incur medical expenses as a result of the injuries sustained by her husband.

WHEREFORE, the plaintiffs, Roger Bryant and Peggy Bryant demand judgment against the defendants in the amount of Seven Hundred Thousand Dollars ($700,000.00).

PLAINTIFFS DEMAND A JURY ON ALL ISSUES PRESENTED HEREIN.

           **ROGER BRYANT, and**
           **PEGGY BRYANT, his wife,**
           **By Counsel**

*/s/ John R. Mitchell*
**John R. Mitchell (WV BAR # 2580)**
**JOHN R. MITCHELL, L.C.**
**Post Office Box 353**
**Charleston, West Virginia 25322-0353**
**(304) 346-0307**